UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD SHULTZ, ) | |
|     Plaintiff, ) | No. 13 C 3641 |
| ) | |
|     v. ) | Judge Gary Feinerman |
| ) | |
| THOMAS DART, SHERIFF OF COOK ) | Magistrate Judge Geraldine Soat Brown |
| COUNTY, and COOK COUNTY, ) | |
| ILLINOIS, ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, Magistrate Judge

Defendant Thomas Dart ("Dart"), Sheriff of Cook County, seeks a protective order barring dissemination of the transcript and videotape of his deposition. (Def.'s Mot.) [Dkt 113.][1] Plaintiff Edward Shultz ("Shultz") opposes Dart's motion (Pl.'s Resp.) [dkt 118], and Dart replies (Def.'s Reply) [dkt 123]. For the following reasons, Dart's motion is granted.

## Background

Shultz brings this lawsuit pursuant to 42 U.S.C. § 1983 against two individual Correctional Officers, Cook County, and Dart in both his individual and official capacities. (Second Am. Compl.) [Dkt 73.] Shultz alleges that he was in custody at Cook County Jail from April 17, 2013 until May 8, 2013. (Second Am. Compl. ¶ 8.) On the morning of May 8, 2013, Shultz pled guilty to a misdemeanor offense and was sentenced to time served. (*Id.* ¶ 10.) Shultz alleges that he was transported back to the jail and was returned to his assigned housing unit where he was attacked by

---

[1] The parties refer to a "videotape." The court assumes that term refers to any medium in which the deposition was recorded or can be displayed.

several inmates without intervention by correctional officers. (*Id.* ¶¶ 10-14.) As a result, Shultz states, he had hemorrhaging of the brain and multiple fractures. (*Id.* ¶ 18.) Shultz claims that the defendants were deliberately indifferent to his rights under the Fourth and Fourteenth Amendments of the United States Constitution by holding him for an extended period and in an unsafe manner. (*Id*. ¶¶ 1, 21.) Dart and Cook County's motion to dismiss the second amended complaint was denied. (Order, Nov. 18, 2014.) [Dkt 93.]

Dart's deposition on March 26, 2015 was recorded on video as well as by a court reporter. (Def.'s Mot. at 1.) In this motion, Dart seeks a protective order limiting the dissemination of the transcript and video of that deposition. Although Dart refers to the entry of the court's Model Confidentiality Order (Def.'s Mot. at 10), no motion for entry of that order has been presented. Instead, the present motion relates only to Dart's deposition.

Dart argues that an order protecting the transcript and video of his deposition is necessary for five reasons: (1) dissemination would unduly burden Dart and open the door to harassment and abuse of him as an individual (Def.'s Mot. at 4-7); (2) dissemination would raise public safety concerns (*id.* at 7); (3) the public has no interest in the videotape or transcript (*id.* at 7-8); (4) Dart's right to a fair trial will be harmed because he likely will be filing a motion for summary judgment to remove him from the case (*id.* at 8-9); and (5) the video has a high potential for abuse because the comments could be taken out of context (*id.* at 9-10).[2]

---

[2] Dart also argues as a preliminary matter that Shultz's responsive brief should be deemed waived because it constitutes a "cursory argument, unsupported by any case law." (Def.'s Reply at 2, citing *Gross v. Town of Cicero*, 619 F.3d 697, 705 (7th Cir. 2010) (stating that perfunctory, undeveloped arguments are waived).) *Gross*, however, dealt with a plaintiff's insufficient arguments on one of his own claims. *Id.* at 704-05. Here, Shultz is responding to Dart's motion on which Dart bears the burden of showing good cause. While Shultz's response is rather terse, it is not so cursory that it should be deemed waived.

In summary, Dart argues that public dissemination of the video or transcript will disclose sensitive information about Cook County Jail security protocols and is likely to subject him to spending time responding to inquiries from the public and media. He is also concerned that snippets of the transcript or video will be taken out of context and used in the media or on the internet. He further objects to Shultz's counsel using the deposition transcript in the "many other cases" he has against Dart and Cook County. (Def.'s Mot. at 9.)

Shultz, for his part, does little to dispel Dart's concerns about the deposition transcript. His attorneys effectively acknowledge that they intend to use the deposition transcript in other, unspecified cases. (Pl.'s Resp. at 2.) Shultz states, however, that his attorneys have not purchased a copy of the deposition video and do not intend to do so until trial. (*Id*. at 3.)

**Discussion**

Federal Rule of Civil Procedure 26(c) authorizes the court to issue a protective order when the moving party shows "good cause." *See* Fed. R. Civ. P. 26(c)(1). "Good cause" includes protecting a party "from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* It is important to note that Dart's deposition has not been filed or used or as evidence in connection to a motion, hearing or other judicial proceeding. Documents filed in the court record and used as part of the judicial decision-making process are presumed to be public. *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). However, "the public's right of access is limited to traditionally publicly available sources of information, and 'discovered, but not yet admitted, information' is not 'a traditionally public source of information.'" *Id.* at 1074 (quoting *Seattle Times Co., v. Rhinehart*, 467 U.S. 20, 33 (1984)). This is so because the Federal Rules of Civil Procedure contemplate that

the exchange of information in discovery will occur with minimal judicial involvement and rarely in the public eye. *Id* (citing Fed. R. Civ. P. 26(a)(1)(A), (2), (3); *Seattle Times Co.,* 467 U.S. at 33 n. 19). Therefore, unfiled discovery is not presumed to be public, and "[t]he rights of the public kick in when material produced during discovery is filed with the court." *Bond,* 585 F.3d at 1074-75.

Dart's deposition is not on the public record. The Federal Rules and the Local Rules of the Northern District of Illinois both prohibit the filing of discovery materials, including deposition transcripts and videotapes, as part of the public docket except when the materials are used as evidence in a hearing or motion or if the court orders filing. Fed. R. Civ. P. 5(d)(1); N.D. Ill. LR 26.3. There is no presumption of public access to the deposition at this time.

Many of Dart's arguments for a protective order center around his position as a public official. A substantial part of Dart's motion reprises his earlier arguments that he should not have been deposed in this case. (*Compare* Dart's Mot. at 4-7 *with* Def.'s Am. Mot. to Quash [dkt 43].) Those arguments were, however, rejected. (Order, April 15, 2014.) [Dkt 48.] A party may not be deprived of discoverable information simply because of the official's status. *See Clinton v. Jones*, 520 U.S. 681, 703-05 (1997) (citing cases in which a President of the United States was required to provide testimony). Because the District Judge determined that Dart may have discoverable information, he allowed Dart's deposition to be taken.

On the other hand, courts have recognized concerns about annoyance, embarrassment, oppression, and undue burden or expense when public figures are deposed. *See Hobley v. Burge*, No. 03 C 3678, 2007 WL 551569 at *2 (N.D. Ill. Feb. 22, 2007) (citing *Olivieri v. Rodriguez*, 122 F.3d 406, 409-10 (7th Cir. 1997); *Stagman v. Ryan*, 176 F.3d 986, 994-95 (7th Cir. 1999)).

Without addressing Dart's other arguments, the court agrees that Dart's concerns about the

potential use of the transcript and videotape for reasons unrelated to the litigation are decisive. There is genuine concern about the potential for abuse of a deposition transcript and particularly a video of a deposition of a high-ranking elected official like the Sheriff of Cook County. More than ten years ago, a district court observed that deposition "[v]ideotapes are subject to a higher degree of potential abuse than transcripts. They can be cut and spliced and used as 'sound-bites' on the evening news or sports shows." *Felling v. Knight*, IP 01-0571-C-T/K, 2001 WL 1782360 at *3 (S.D. Ind. Dec. 21, 2001); *see also Hobley v. Burge*, 225 F.R.D. 221, 226 (N.D. Ill. 2004). The years since *Felling* have seen the explosive growth of social media and internet opportunities to broadcast portions of video recordings. Once a video is put on the internet, it is virtually impossible to remove completely. Transcript excerpts may also be published in out-of-context snippets, presenting similar, albeit perhaps less dramatic, problems, particularly when the deponent is a public figure. The significant potential for misuse and annoyance constitute good cause to issue a protective order for Dart's deposition transcript and video.

Again, the fact that the deposition has not yet been used for any purpose in this litigation is important in determining whether there can be restrictions on its dissemination. If the transcript is later used in connection with a motion or in a hearing, whether it can be filed under seal involves a different standard. *Bond*, 585 F.3d at 1073-74; *see also* N.D. Ill. LR 26.2 (requiring a motion for leave to file materials under seal).

Shultz contends that he should be able to use Dart's deposition in other cases even without Dart's agreement. (Pl.'s Resp. at 2.) He argues that allowing discovery taken in one case to be used in other cases carries out the mandate that the Federal Rules should be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." (*Id.*

(quoting Fed. R. Civ. P. 1).) He observes that preventing the deposition's use in other cases might subject Dart to duplicative depositions. (*Id.*) In support of his argument, however, Shultz cites only two older cases, in both of which the court did not find good cause to enter a protective order. *See Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 860 (7th Cir. 1994); *Wauchop v. Domino's Pizza Inc.*, 138 F.R.D. 539, 546 (N.D. Ind. 1991). Additionally, the statements in those decisions about public access to discovery are questionable in light of the *Bond* decision.

Neither party discusses Fed. R. Civ. P. 32(a)(8) which allows a deposition to be used in a later action involving the same subject matter and the same parties, representatives, or successors in interest. That rule is little comfort to Shultz and his counsel, however, because it is unlikely that Shultz himself will be involved in a similar claim. Rather, Shultz's counsel presumably would like to use the deposition in other cases brought by other plaintiffs against Dart. The fact that the same lawyers are involved does not mean that the parties are the same.

Shultz cites no rule that permits the kind of unrestricted use of a deposition in another case for which he argues. Rule 32(a)(8)'s limitation to the "same parties" cuts against Shultz's argument for unrestricted use, and that argument does not succeed against Dart's showing of good cause for a protective order. Perhaps the parties will stipulate to the deposition's use in another case if, in fact, the issues are so similar that using Dart's deposition testimony from this case will save him the burden of being deposed again.

There are also other uses for depositions at hearing or trial. *See, e.g.*, Fed. R. Evid. 801(d)(1). In the event that Shultz's counsel decides to use the deposition under Fed. R. Evid. 801(d)(1) at any

hearing or trial in another case, that counsel must notify Dart in advance and allow Dart to apply for a protective order from the judge presiding over the matter.[3]

## Conclusion

For the foregoing reasons, Sheriff Dart's Opposed Motion for a Protective Order for Dart's Videotaped and Transcribed Deposition [dkt 113] is granted. The transcript and video of Dart's deposition taken on March 26, 2015 shall be held as "Confidential Information" pursuant to the Northern District of Illinois' Form LR 26.2 Model Confidentiality Order. Special attention should be given to ¶ 7 of that Confidentiality Order, which states that "[t]his Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2." The court further directs the parties' attention to ¶ 11 which relates to use of Confidential Information at any hearing or trial.

_____
Geraldine Soat Brown
August 18, 2015                         United States Magistrate Judge

---

[3] That situation is analogous to what is anticipated by ¶ 12 of the district's Model Confidentiality Order. That paragraph requires that a party receiving a subpoena or order from another case requiring production of materials designated as confidential under the Confidentiality Order notify the designating party so that it may have the opportunity to seek protection of the confidential information in that court.