UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD SHULTZ, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 3641 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| THOMAS DART, STEVEN DOMINGUEZ, BRUCE VILLANOVA, and COOK COUNTY, ILLINOIS, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Shultz brought this suit under 42 U.S.C. § 1983 alleging that Cook County, Illinois, Cook County Sheriff Thomas Dart (in his individual and official capacities), and correctional officers Steven Dominguez and Bruce Villanova violated his constitutional rights by continuing to detain him at Cook County Jail after a court-ordered discharge and by failing to protect him from an assault by fellow inmates. Docs. 1, 73. The court dismissed certain claims against Dart and allowed the others to proceed. Docs. 20-21 (reported at 2013 WL 5873325 (N.D. Ill. Oct. 31, 2013)). After Defendants moved for summary judgment, Shultz abandoned the claims against Villanova, the individual capacity claims against Dart, and the post-discharge detention claims. Docs. 191, 197. The court denied Defendants' summary judgment motion on the failure to protect claims. Docs. 197-198 (reported at 2016 WL 212930 (N.D. Ill. Jan. 19, 2016)). Shultz voluntarily dismissed the official capacity claim against Dart and Cook County during trial, Doc. 223, the jury returned a verdict in favor of Dominguez, Docs. 225, 227, and the court entered judgment consistent with the verdict, Doc. 226.

Defendants now seek $4,061.09 in costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. Doc. 233. Shultz urges the court to deny costs because (1)

1

Defendants have not shown that the costs were necessarily incurred and reasonable; and (2) he is indigent and therefore should not be subjected to a cost award. Doc. 238. The court addresses only the second argument.

A prevailing party "presumptively receives the costs of litigation and it is the losing party's burden to overcome this presumption." *Johnson v. Target Corp.*, 487 F. App'x 298, 301 (7th Cir. 2012). But "it is within the discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d)." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006) (internal quotation marks omitted). *Rivera* directs district courts to undertake a two-step analysis when presented with a claim of indigency:

> First, the district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future. The burden is on the losing party to provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses. Requiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances. Moreover, it will limit any incentive for litigants of modest means to portray themselves as indigent.
>
> Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs. No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs.

*Id*. at 635-36 (citations and internal quotation marks omitted).

As for the first step, Shultz submits a declaration averring that he has no income (he is currently incarcerated), no assets, and a $38,272.47 medical lien for medical expenses arising from the attack he suffered in Cook County Jail. Doc. 238 at 4. He is expected to remain in state custody through May 2018. *Id*. at 5. The unfortunate reality is that Shultz's income-generating capabilities are likely to be quite limited upon his release. Given these circumstances, Shultz has

2

sufficiently established that he is "incapable of paying the court-imposed costs at this time or in the future." *Rivera*, 469 F.3d at 635 (internal quotation marks omitted); *see also Kelley v. Ferguson*, 2016 WL 759328, at *1-2 (E.D. Mich. Feb. 26, 2016) (denying costs against a losing party who was currently incarcerated and had no income or financial support).

As for the second step, while the requested costs are by no means astronomical, they would still pose a substantial hardship to Shultz, who lacks any source of present income, whose post-incarceration income-generating capabilities are likely to be quite limited, and who is burdened by substantial medical debt. Moreover, Shultz pursued this case in good faith; he was seriously injured by fellow inmates, and his constitutional claims were meritorious enough to survive summary judgment. And although the jury ultimately found that Dominguez was not deliberately indifferent to Shultz's safety, a verdict for Shultz would have survived a defense motion under Rule 50 for judgment as a matter of law.

For these reasons, the court denies Defendants' request for costs.

June 13, 2016

United States District Judge